UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RAUL LOPEZ,

    Plaintiff,

v.

PANDA KITCHEN & BATH EXPO CENTER,
INC., a Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, RAUL LOPEZ, ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, PANDA KITCHEN & BATH EXPO CENTER, INC. ("Defendant"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This action is intended to cover Defendant's wage violations against Plaintiff within the past three (3) years pursuant to the FLSA.

### PARTIES

3. Plaintiff was a non-exempt/misclassified clerical employee, and performed related activities for Defendant in Miami-Dade County, Florida.

4. Defendant is a Florida Profit Corporation, located in Miami, Florida, which is within Miami-Dade County.

### JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8. At all times during the last three (3) years, Defendant was a covered enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Based upon information and belief, the annual and gross revenue of Defendants was in excess of $500,000.00 per annum during the all times relevant.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as medical files and insurance documentation.

12. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that she regularly completed financial transactions with Defendant's customers' credit card companies, banks, and third-party payment processing services outside the State of Florida.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without clerical employees like Plaintiff.

## FACTUAL ALLEGATIONS

14. Defendant operates a kitchen and bath exposition business in among others, Miami, Florida which is located in Miami-Dade County, Florida.

15. Plaintiff worked for Defendant as non-exempt clerical employee at Defendant's facility during the relevant limitations period under the FLSA.

16. During Plaintiff's employment, Plaintiff worked approximately 2,184 overtime hours for which he was not properly compensated by Defendant.

17. During all times relevant, Defendant did not pay Plaintiff the applicable overtime wage for overtime hours worked.

18. Moreover, during all times relevant, Defendant willfully engaged in practices that denied Plaintiff applicable overtime wages under the FLSA, because Defendant was aware that its practices were illegal.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

20. Plaintiffs reincorporate and re-allege paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

21. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During Plaintiff's employment with

Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

22. Plaintiff is not an exempt employees as defined by the FLSA.

23. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

25. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

26. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

27. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

28. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices

      complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 18th day of October 2016.

                                              **Respectfully Submitted,**

                                              Richard Celler Legal, P.A
                                              7450 Griffin Road, Suite 230
                                              Davie, FL 33314
                                              Telephone: (866) 344-9243
                                              Facsimile: (954) 337-2771
                                              Email:
                                              noah@floridaovertimelawyer.com

                                              By: _____
                                              Noah E. Storch, Esq.
                                              Florida Bar No.: 0085476

                                              *Attorney for Plaintiffs*